```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  CHICO ROMERO WATTS,
11          Petitioner,                  No. CIV S-10-277 GGH P
12      vs.
13  D. ADAMS,
14          Respondent.                  ORDER
15  _____/
16          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of
17  habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma
18  pauperis.
19          Examination of the in forma pauperis application reveals that petitioner is unable
20  to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be
21  granted.  See 28 U.S.C. § 1915(a).
22          The petition appears to raise all of the claims raised on direct appeal before the
23  California Court of Appeal: 1) improper shackling; 2) the sentences on the enhancements and
24  special allegations, and the out on bail counts, must be eliminated because they were not found
25  proven by the trier of fact; 3) trial court erred in denying Faretta motion; 4) trial court was not
26  authorized to limit petitioner's presentence credits; 5) jury instruction error; 6) prosecutorial
```

1

misconduct. Petition, pp. 7-9, 16-18.

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

A petitioner satisfies the exhaustion requirement by providing *the highest state court* with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). A state court has had an opportunity to rule on the merits of a claim when the petitioner has fairly presented that claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277 - 78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995).

The petition for review filed in the California Supreme Court raised two claims: 1) improper denial of Faretta motion; 2) improper shackling. Petition, p. 358.

\\\\\

\\\\\

Because only the two claims raised before the California Supreme Court are exhausted, petitioner will be given the opportunity to proceed in one of two ways.[1]  Petitioner may file a motion to stay this action pending exhaustion of the unexhausted claims.

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S.Ct at 1535.

If petitioner wishes to stay this action, he shall file a motion addressing the Rhines factors.  In the alternative, petitioner may proceed with a stay request as outlined in King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

In the alternative, petitioner may file an amended petition in this court raising only exhausted claims.  If petitioner chooses the second method, however, the court cautions that he will risk forfeiting consideration of the unexhausted claims in this or any other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner has requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (no. 2) is granted;

2. Within twenty-eight days petitioner shall file either a motion to stay or an amended petition containing his exhausted claims only; if petitioner files an amended petition, this action will proceed on the exhausted claims only.

3. Petitioner's motion for the appointment of counsel (no. 3) is denied without prejudice.

DATED: March 2, 2010

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

watt277.ord