IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHICO ROMERO WATTS,

    Petitioner,   No. CIV S-10-0277 WBS GGH P

    vs.

D. ADAMS, et al.,   ORDER AND

    Respondents.   FINDINGS AND RECOMMENDATIONS

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed February 3, 2010. On March 2, 2010, the undersigned issued an order finding that four of petitioner's six claims were not exhausted. Petitioner was granted twenty-eight days to file either a motion to stay or an amended petition containing his exhausted claims only. If petitioner filed a motion to stay, he was ordered to address the factors in Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005) or, in the alternative, the stay procedures discussed in King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).

    On March 11, 2010, petitioner filed a motion to stay. Petitioner alleges that he believed his state appellate counsel raised all of the issues in the petition for review that he had raised before the California Court of Appeal. Petitioner also alleges that he is a patient in the mental health department. In this motion, petitioner references neither Rhines nor King. On March 12, 2010, petitioner filed a motion for extension of time to exhaust his claims. In this

motion, petitioner alleges that he is being treated at the California Medical Facility but his legal property is stored at California State Prison-Corcoran.

The undersigned considers whether a stay is warranted under either Rhines or King. In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S.Ct at 1535.

In Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), the Ninth Circuit found that a petitioner's mere "impression" that his attorney had included a claim in an appellate brief did not constitute good cause for the petitioner's failure to exhaust. Accordingly, petitioner's claim that he thought his appellate counsel raised all of his claims in the petition for review is not good cause.

Petitioner also suggests that his mental illness prevented him from pursuing post-collateral relief. This argument contradicts his claim that he did not file a state habeas petition because he believed that his state appellate counsel raised all of his claims in the petition for review. In any event, when petitioner filed this action he was housed at California State Prison-Corcoran. On February 22, 2010, he filed a notice of change of address indicating that he had been transferred to the California Medical Facility. Therefore, petitioner's treatment for mental illness is apparently quite recent. His claim that his mental illness prevented him from pursuing state court remedies is not well supported. Petitioner's claim that all of his legal materials are still at Corcoran also does not constitute good cause for his failure to exhaust state court remedies before filing this action.

For the reasons discussed above, the undersigned finds that petitioner has not shown good cause for his failure to exhaust all claims. Accordingly, the motion to stay pursuant

to Rhines should be denied.

In King, supra, the Ninth Circuit recently held that in addition to the stay procedure authorized in Rhines, district courts also have discretion to permit petitioners to follow the three-step stay-and-abeyance procedure approved in Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Pursuant to the Kelly procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. Kelly, 315 F.3d at 1070-71. The Kelly stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious.

According to the exhibits attached to the complaint, the California Court of Appeal affirmed his conviction on April 29, 2009. Petition, p. 378 of 441. The undersigned cannot determine when the California Supreme Court denied the petition for review because petitioner did not attach a copy of this order to the petition. However, it is clear that one year has not yet passed since petitioner's conviction became final. Because not one year has yet passed since petitioner's conviction became final, see 28 U.S.C. § 2244(d)(1)A), petitioner still has time to exhaust his state court remedies and file a timely federal habeas corpus petition, assuming the California Supreme Court finds his claims timely filed. For these reasons, a stay pursuant to King v. Ryan is appropriate. Because only exhausted petitions may be stayed pursuant to the procedures discussed in King, the undersigned will order the unexhausted claims contained in the original petition stricken without prejudice. Once petitioner's claims are exhausted, he must *immediately* file an amended petition in this court containing all of his exhausted claims.

In the motion for extension of time, filed March 12, 2010, petitioner alleges that his legal property is still at Corcoran. As discussed above, on February 22, 2010, petitioner filed a notice of change of address indicating his transfer to the California Medical Facility from

1 Corcoran.  It is the experience of the undersigned that it may take several weeks before a prisoner
2 receives his legal property following his transfer to a new prison.  For that reason, it is likely that
3 petitioner has received his property.  For that reason, petitioner's motion for extension of time is
4 denied.

5         Accordingly, IT IS HEREBY ORDERED that:

6         1. The unexhausted claims contained in the original petition are stricken without
7 prejudice;

8         2. Petitioner's motion for extension of time (no. 12) is denied;

9         IT IS HEREBY RECOMMENDED that petitioner's motion to stay (no. 10) based
10 on King/Kelly be granted and this action be administratively stayed.

11         These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
13 days after being served with these findings and recommendations, plaintiff may file written
14 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
15 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
16 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
17 F.2d 1153 (9th Cir. 1991).

18 DATED: April 6, 2010

                                           /s/ Gregory G. Hollows
                                         UNITED STATES MAGISTRATE JUDGE

21 watt277.sta